# Dean *v.* The State.

*Indictment for Selling or Giving Liquor to a Minor.*

1. *Constitutional law; act February 12, 1891 (Acts 1890-91, p. 580).* The act of February 12, 1891, to regulate the trial of misdemeanors in Shelby county, Alabama, (Acts 1890-91, p. 580) and act February 21, 1893, (Acts 1892-93, p. 826,) amendatory thereof, sufficiently show their subjects in their titles and are valid, constitutional enactments.

2. *Indictment charging offense in different language from statute.*—An

[Dean v. The State.]

indictment for selling intoxicating liquors to a minor, which charges the sale to have been made without the written prescription of a "licensed physician," is not defective, though the statute uses the word "physician" only.

3. *Act of February 12, 1891, (Acts 1890-91, p. 580)* ; *provisions for summoning juries.*—The County Court of Shelby county, after summoning one jury for a jury term of said court under the provisions of the act of February 12, 1891, to regulate the trial of misdemeanors in Shelby county, is without authority to summon and organize a second jury for the same term, and it is error for the court to put a defendant on trial against his objection before a jury composed in whole or in part of jurors summoned for such second jury.

APPEAL from the County Court of Shelby.

Tried the Hon. JOHN S. LEEPER.

John Dean was convicted of selling intoxicating liquors under an indictment in the following words: "The grand jury of said county, charge that, before the finding of this indictment, John Dean did sell or give spirituous, vinous or malt liquors to Charles Knowles, a minor, without the consent of the parents or guardian or person having control or management of such minor, and without the written prescription of a licensed physician against the peace and dignity of the State of Alabama." When the case was called for trial the defendant pleaded to the jurisdiction of the court, on the following grounds: 1. That having been indicted, arrested, called for trial, and having demanded a trial by jury, said county court had no jurisdiction to try said case, because the act which purports to confer jurisdiction on the county court, entitled "An act to amend an act to regulate the trial of misdemeanors in Shelby county, Alabama," (Acts 1892-93 p. 826) "is unconstitutional and void for that it violates the constitution of Alabama in the following ways: (a) The title of said act does not clearly show the intention of the act itself; (b) that said act omits any reference in its title to the subject of the act sought to be amended; (c) that said act violates section 5 art. 6, of the constitution, in taking the trial of all misdemeanors from the Circuit Court. The court held this plea to the jurisdiction to be not well taken and overruled the same, and to this ruling of the court, the defendant duly excepted. The defendant thereupon moved the court to strike the cause from the docket upon the same grounds set forth in the plea. This motion was denied by the court, and to this ruling the defendant excepted.

Thereupon the defendant demurred to the indictment upon the following grounds: (1) That the indictment charges no offense known to the law; (2.) that said indictment charged that the defendant sold spirituous liquors to a

[Dean v. The State.]

minor without having a prescription from a licensed physician which is not required by law to exculpate one selling to a minor ; (3) that the said indictment narrows and restricts the statute against selling spirituous liquors to a minor by the words 'licensed physician' instead of the word of the statute 'physician'." This demurrer was overruled by the court.

The defendant then objected to the jury for the trial of said cause and challenged the array on the following grounds: "(1) That the jurors were drawn by initials of their Christian names, and that their Christian names were not declared to have been otherwise unknown. (2) That the jury presented to try the defendant was composed of persons whose names were not those on the original venire ; that the court having organized a jury as directed by said act of 1892-93, directed the Sheriff to empanel another jury ; and that said second jury, so organized, was illegal and contrary to the law, and the defendant objected to be tried before said jury." The court overruled the defendant's challenge to the array and the defendant excepted. The defendant then challenged for cause each of the jurors presented to him, on the same grounds above stated. The challenge not being allowed by the court, the defendant duly excepted.

W. R. OLIVER for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The statute—"To regulate the trial of misdemeanors in Shelby county, Alabama," approved February 12, 1891—Sess. Acts 580—and the amendatory statute approved February 21, 1892—Sess. Acts 826—each of them, is coustitutional. The latter is an amendment and repeal of the former. 3 Brick. Dig. 132, §§ 82, 83, 84, 85; *Ib.* 750, §§ 46, 49 ; *Connelly v. State,* 60 Ala. 89 ; *Cawthorn v. State,* 63 Ala. 157 ; *Ex parte Merlet,* 71 Ala. 371. It results that there was no merit in the attempted defense to the jurisdiction, nor in the motion to strike the case from the docket.

Nor is there merit in the demurrer to the indictment. It strictly conforms to the statute. Code of 1886 § 4038.

In having summoned, and in organizing Jury No. 2, the County Court erred. There is no authority in the statute for such proceeding. The statute clearly contemplates that there shall be but one regular jury at each term of the court. The challenge of jurors because they were so summoned and organized ought to have prevailed. We would

not doubt, however, that the County Court has authority to summon talesmen, whenever, from any cause, it becomes necessary to supply the places of jurors that may be challenged, or, who may fail to appear. All we decide is, that the statute makes provision for only one jury. If this leads to delay, or to inconvenience, the fault is in the statute.

Reversed and remanded.