# *Ex Parte* State *ex rel.* Wood.

## *Mandamus.*

### (Decided July 2, 1907. 44 South. 635.)

*Courts; Jurisdiction; Transfer of Causes.*—The Act of 1907, section 3, (Local 1907, p. 7) providing for the transfer of misdemeanor cases from the circuit court to the county court of Washington county, is not violative of section 143, Constitution 1901.

Original writ in Supreme Court.

Mandamus by the state on the relation of John Wood to compel the transfer of the criminal charge for a misdemeanor pending against relator in the circuit court to the county court of Washington county. Writ granted.

WALLACE P. PRUITT, and GRANADE & GRANADE, for relator.—Mandamus is the proper remedy.—*State v. Hamil,* 97 Ala. 107; *Ex parte Bar Association,* 29 Ala. Ala. 113. The transfer of cases on the circuit to the county court of Washington county is ministerial.—*Higdon v. Jelks,* 138 Ala. 115; *Grider v. Talley,* 77 Ala. 422; s. c. 66 Ala. 119; *Davidson v. Washburn,* 58 Ala. 596. The act is not contrary to section 143, Constitution

1901, or coördinate sections.—*Ex parte Hickey*, 52 Ala. 228; *Ex parte Bir. Ry. L. & P. Co.*, 139 Ala. 454; *Dean v. The State*, 100 Ala. 103; *Connelly's Case*, 130 Ala. 69; *Johnson's Case*, 69 Ala. 593; *Lewis' Case*, 123 Ala. 84; *Jones' Case*, 43 South. 28.

SAMUEL B. BROWNE, pro se.—Section 133, article 6, Constitution 1901, is self executing and the jurisdiction there conferred cannot be taken away by any act of the Legislature.—*Carew v. Dillienthorphe*, 50 Ala. 44; *Dunbar r. Frazer*, 78 Ala. 529; *Adcock v. The State*, 142 Ala. 30; *State v. Fuller*, 41 South. 990.

McCLELLAN, J.—The writ of mandamus is sought in this instance to require the transfer of a prosecution against the relator for a misdemeanor, previously the subject of indictment, from the circuit to the county court of Washington county. The present Legislature enacted that all misdemeanor cases pending in the circuit court, as well as those in future brought therein by indictments by the grand jury of that court, should be transferred for trial to the county court. The motion of the relator for the transfer of the case pending against him was denied.

The answer to the rule nisi asserts that the denial of the motion to transfer was entered because the act in question violates section 143 of the Constitution of 1901, whereby it is provided that the circuit courts have original jurisdiction of all civil and criminal cases, except as otherwise ordained in the organic law. This Constitution is, for the present occasion, the same as section 5 of article 6 of the Constitution of 1875; and under the latter Constitution substantially similar acts for the transfer of misdemeanor cases from the circuit to county or city courts invested with, for this class of cases, con-

current jurisdiction with the circuit courts, were sustained.—*Dean's Case,* 100 Ala. 103, 14 South. 762; *Connelly's Case,* 60 Ala. 89, 31 Am. Rep. 34; *Johnson's Case,* 69 Ala. 593. *The Cases of Adcock,* 142 Ala. 30, 37 South. 919, and *Fuller,* 41 South. 990, are not in conflict with the preceding authorities. We do not, if so inclined, feel at liberty to depart from the rule stated. Subsequent sections of the Constitution of 1901 do not alter the provision found in section 143, so as to exempt it from the influence of the decisions cited. So we hold section 3 of the Washington county act not to be unconstitutional.

The prayer for the writ will be granted, but not issued, unless at the ensuing term of the circuit court the transfer of the cause is refused—an event we do not anticipate.

Writ granted.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.