# Central Iron & Coal Co.
# v. Ballard, *et al.*

### *Bill to Prevent Multiplicity of Suits.*

(Decided May 30, 1912. 59 South. 47.)

*Injunction; Multiplicity of Suits; Equity Jurisdiction.*—Where a defendant is sued by a number of different plaintiffs for various amounts due them individually for personal service, its remedy at law is plain and accurate, and there is no such multiplicity of suits as to warrant equitable interference.

[Central Iron & Coal Co. v. Ballard, et al.]

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by the Central Iron & Coal Company against Tom Ballard and others to enjoin certain actions at law, to prevent multiplicity of suits. From a judgment sustaining demurrers to the bill, complainants appeal. Affirmed.

JONES & PENICK, for appellant. The bill contained equity, as it would be impossible under the allegations for a jury of twelve men to arrive at any intelligent conclusion upon the mass of evidence, weights, figures and amounts of which the testimony would consist.—3 Pom. sec. 1421; *Kirkman v. VanLeer,* 7 Ala. 217; *Hall v. McKellar,* 155 Ala. 508; 1 J. & H. 108; 37 N. J. E. 571; 20 N. J. E. 407; 3 M. & G. 8; 1 S. & L. 305; 2 Y. & C. C. C. 627.

BROWN & WARD, for appellee. It is now absolutely established as law that persons having distinct, separate and independent claims cannot be compelled to prosecute them in a single suit.—*Roanoke G. Co. v. Saunders,* 56 South. 198; *So. Steel Co. v. Hopkins,* 57 South. 11; 47 Am. Dec. 377; 20 Fed. 422; 9 Cent. Dig. secs. 167-8.

SIMPSON, J.—The bill in this case shows merely that about 12 suits have been brought against the complainant to recover different amounts due to each of the plaintiffs, respectively, for services rendered. Each case involves simply the state of the account between that plaintiff and the defendant, without any reference to any other plaintiff, and without any special complications.

The remedy at law is complete and adequate, and the bill does not bring the case within any of the principles

of equitable cognizance.—*Roanoke Guano Company v. Saunders, et al.,* 173 Ala. 347, 56 South. 198, 35 L. R. A. (N. S.) 491; *Southern Steel Company v. Hopkins,* 174 Ala. 465, 57 South. 11. The chancellor properly sustained the demurrer to the bill, and the decree of the court is affirmed.

Affirmed. All the Justices concur, except McCLELLAN and SOMERVILLE, JJ., not sitting.