(107 So. 727)
**JAMES v. STATE.   (8 Div. 327.)**

(Court of Appeals of Alabama. March 16, 1926.)

1. Criminal law ⬅️252(1)—Defendant, not having objected to trial, waived question of authority of clerk of law and equity court to issue process.

Where defendant made no objection to being placed on trial, he waived question of authority of clerk of law and equity court to issue process.

2. Criminal law ⬅️1030(2)—Constitutionality of act cannot be first urged on appeal, if validity is not essential to determination of appeal.

Where constitutionality of act is not questioned on trial, it cannot be presented for the first time on appeal, in cases where its constitutionality is not essential to determination of the appeal.

3. Criminal law ⬅️1030(2)—Where constitutional inquiry relates to legality of court, rule that constitutionality of an act cannot be first urged on appeal is inapplicable (Loc. Acts 1923, p. 272).

Where constitutional, inquiry relates to legality of trial court, created by Loc. Acts 1923, p. 272, rule that, where constitutionality of an act is not questioned on trial, it cannot be presented for first time on appeal, is inapplicable.

4. Constitutional law ⬅️46(1)—Of constitutional questions presented, only those necessary to adjudication will be determined.

Where several constitutional questions are presented, only those will be considered or determined which are necessary to adjudication.

5. Constitutional law ⬅️42.

Courts will not listen to·objection made to constitutionality of an act by a party whose rights are not specifically affected.

6. Statutes ⬅️64(1)—If invalid parts can be stricken, leaving an act complete and independent within itself, it will be upheld as to its valid parts.

Where act contains valid and invalid provisions, and invalid parts can be stricken and leave the act complete and independent within

itself, it will be upheld and enforced as to its valid parts.

**7. Constitutional law ⬡═46(1)—Where parts of act creating court of law and equity might be eliminated and still leave valid enactment, consideration of such parts is pretermitted (Loc. Acts 1923, pp. 272, 273, 277, 278, §§ 6, 25, 28–30).**

Loc. Acts 1923, pp. 272, 273, 277, 278, §§ 6, 25, 28–30, might be eliminated and still leave a valid enactment creating court of law and equity, and hence where appellant was not adversely affected by those sections, consideration of their validity is pretermitted.

**8. Statutes ⬡═8½(2)—Local act creating law and equity court of Franklin county held valid as to notice (Const. 1901, § 106; Loc. Acts 1923, p. 272).**

Notice of intention to apply for passage of Loc. Acts 1923, p. 272, creating law and equity court of Franklin county, *held* sufficient under Const. 1901, § 106.

**9. Statutes ⬡═8½(2)—Requirement as to notice of proposed act is met, if notice contains fair abstract of act in all essential features (Const. 1901, § 106).**

Const. 1901, § 106, as to notice of intention to apply for passage of local act is complied with, if notice contains a fair abstract of the act in all essential features.

**10. Statutes ⬡═107(10)—Local act creating court of law and equity of Franklin county held not duplicitous (Const. 1901, § 45; Loc. Acts 1923, p. 272).**

Loc. Acts 1923, p. 272, creating law and equity court of Franklin county, *held* not offensive to Const. 1901, § 45, requiring that an act contain one subject only; provisions thereof abolishing county court and office of deputy solicitor being incident only to the main object.

**11. Constitutional law ⬡═56—Local act creating court of law and equity in Franklin county held not invalid as depriving circuit court of jurisdiction of misdemeanor cases (Const. 1901, §§ 139, 143; Loc. Acts 1923, p. 272).**

Loc. Acts 1923, p. 272, creating law and equity court of Franklin county, *held* not, in view of Const. 1901, § 139, offensive to section 143, as depriving circuit court of jurisdiction in misdemeanor cases.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Claude James was convicted of violating the prohibition laws, and he appeals. Affirmed.

Thos. J. Carey, of Red Bay, for appellant.

The affidavit was not made before a proper officer, and the court had no jurisdiction. Sherrod v. State, 71 So. 76, 14 Ala. App. 57; Moore v. State, 51 So. 357, 165 Ala. 107; Miles v. State, 11 So. 403, 94 Ala. 108. Constitutionality of an act may be raised on appeal. Polytinsky v. Johnston, 99 So. 839, 211 Ala. 99. The local act of 1923 (page 272) is offensive to section 106 of the Constitution. Wallace v. Board, 37 So. 321, 140 Ala. 502; Hooton v. Mellon, 37 So. 937, 142 Ala. 245; State v. Speake, 39 So. 224, 144 Ala. 510. Sections 6, 28, and 29 of said act offend section 96 of the Constitution. Miller v. Griffith, 54 So. 650, 171 Ala. 337; Brandon v. Askew, 54 So. 605, 172 Ala. 160. The act contains more than one subject. Const. § 45; State v. Bracken, 45 So. 841, 154 Ala. 151; State v. Sayre, 24 So. 89, 118 Ala. 1. Section 12 of the act violates section 143 of the Constitution. Adcock v. State, 37 So. 919, 142 Ala. 30; State v. Fuller, 41 So. 990, 147 Ala. 164. Section 30 of the act violates section 21 of the Constitution. Mitchell v. State, 32 So. 687, 134 Ala. 392; M. & O. v. Spenny, 67 So. 740, 12 Ala. App. 375. Section 25 violates sections 6, 75, and 104 of the Constitution. Dudley v. B. R., L. & P. Co., 36 So. 700, 139 Ala. 453.

Harwell G. Davis, Atty. Gen., Chas. H. Brown, Asst. Atty. Gen., and J. F. Guin, Sol., of Russellville, for the State.

Appellant waived the question of jurisdiction. Sanders v. State, 79 So. 312, 16 Ala. App. 531; Booth v. State, ante, p. 160, 105 So. 912. A constitutional question cannot be raised for the first time on appeal. Fitzpatrick v. State, 53 So. 1021, 169 Ala. 1; Sou. Ry. v. Stonewall Ins. Co., 58 So. 313, 177 Ala. 327, Ann. Cas. 1915A, 987. There was a sufficient compliance with section 106 of the Constitution. Byrd v. State ex rel., 102 So. 223, 212 Ala. 266; Polytinsky v. Johnston, 99 So. 839, 211 Ala. 99; Polytinsky v. Wilhite, 99 So. 843, 211 Ala. 94. If provisions as to trial tax, etc., should be declared invalid, this would not invalidate the entire act. Swann v. Kidd, 79 Ala. 431; Lovelady v. State, 74 So. 734, 15 Ala. App. 615; Harper v. State, 19 So. 857, 109 Ala. 28. The statute contains but one general subject, and section 45 of the Constitution is not violated. Roseberry v. State, 103 So. 898, 20 Ala. App. 450; Thomas v. Gunter, 54 So. 283, 170 Ala. 165; Hubbard v. State, 55 So. 614, 172 Ala. 374. Section 12 of the act is valid. Ex parte O'Neal, 45 So. 712, 154 Ala. 237; Ex parte State, 44 So. 635, 151 Ala. 574; Murphy v. State, 58 So. 671, 4 Ala. App. 14.

RICE, J. Defendant was tried by the court below, sitting without a jury, and found guilty of unlawfully possessing prohibited liquors. A fine of $50 was the punishment fixed.

No exceptions were reserved to any ruling on admission or rejection of evidence. No jurisdictional question was in any manner presented to the trial court. A motion was made for a new trial on the ground of the insufficiency of the evidence. This motion was overruled. Two errors are assigned on the record, questioning the propriety of the original judgment and the judgment over-

ruling the motion for new trial; the gist of each assignment being the insufficiency of the evidence to sustain a conviction. Appellant in brief does not seriously insist upon these assignments, but strenuously argues for a reversal on the ground that the affidavit upon which the trial was had was void and conferred no jurisdiction upon the court, for the reason that said affidavit was made before the clerk of the law and equity court, a person not authorized by law to take affidavit and issue warrant thereon.

The evidence for the state was positive and direct to the effect that defendant possessed the liquor. Defendant's evidence was in sharp denial of the charge. We are unable to say that the conclusion reached by the trial court, after seeing and hearing the witnesses, is wrong; and we will not disturb it.

[1] The defendant appeared and pleaded not guilty. He made no objection to being put to trial by plea or otherwise. He must therefore be held to have waived the question of the clerk's authority to issue the process. Sanders v. State, 79 So. 312, 16 Ala. App. 531.

[2, 3] By a supplemental brief, appellant has assailed the constitutional validity. of the act (Local Acts 1923, p. 272) creating the law and equity court, by which court he was tried and adjudged guilty. The state makes the point that, where the constitutionality of an act is not brought into question on the trial, it cannot be presented for the first time on appeal. This is true in cases where the constitutional question is not essential to the determination of the appeal; but the rule has no application in this case, where the constitutional inquiry relates to the legality of the court, involving its power to act in any case. This being true, it was unnecessary to object preliminarily to the court's exercise of jurisdiction. In the very nature of things, it could not determine the question of its own power to act or exist as a court Hill v. Tarver, 30 So. 499, 130 Ala. 592, 595.

[4-6] There are other rules pertinent to this case, one of which is that, where several constitutional questions are presented, that one or those only will be considered or determined which is or are necessary to the adjudication of the controversy; and that a court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not specially affect. State v. Montgomery, 59 So. 294, 177 Ala. 221; Shehane v. Bailey, 20 So. 359, 110 Ala. 308. Again, where a statute contains valid and invalid provisions, and the invalid parts can be stricken from the act and leave the enactment complete within itself, sensible, capable of being executed, and wholly independent of that which is rejected, the enactment will be upheld and enforced as to its valid parts. Harper v. State, 19 So. 857, 109 Ala. 28; Lovelady v. State, 74 So. 734, 15 Ala. App. 615.

[7] Applying these rules to the case in hand, we must decline to consider any questions relating to the act save only those involving its constitutionality as a whole—involving, in other words, the legal existence of the court whose judgment is appealed from. To dispose, first, of those questions not necessary to determine the appeal, appellant says that sections 6, 25, 28, 29, and 30 of the local act are offensive to stated constitutional provisions. These sections relate to a trial tax, to a change of venue, to fees of the reporter, and to the establishment of bills of exceptions. It does not appear that appellant was adversely affected by either of these sections, or all of them combined. Either or all of them might be eliminated and still leave a valid enactment, complete in itself. Without them the general law, applicable to all counties, would apply. Hence we pretermit a consideration of the validity of sections 6, 25, 28, 29, and 30 of the act.

[8] The constitutional questions of merit raised by the appellant, the sustaining of any one of which would result in the holding that the law and equity court has no legal existence, are these: (a) The act is void for failure of the published notice to meet the requirements of section 106 of the Constitution. (b) The act contains more than one subject of legislation, and is therefore offensive to section 45 of the Constitution. (c) Section 12 of the act attempts to deprive the circuit court of jurisdiction of misdemeanor cases pending in the circuit court, in violation of section 143 of the Constitution.

The notice of intention to apply for the passage of the act under review is as follows:

"To whom it may concern:

"You will take notice that at the present session of the Legislature of Alabama, a bill will be introduced and an effort made to have the same enacted into law, to create and establish a law and equity court for Franklin county, Alabama; prescribing the powers and jurisdiction of said court; providing for its officers, their powers, duties, and compensation, and time of holding said court; providing for the manner of drawing the jurors for said court and their compensation; fixing compensation for witnesses; prescribing the rules of procedure of said court; providing for the transfer of certain causes now or hereafter pending in law or in equity of the circuit court of Franklin county, Alabama, to the said law and equity court of Franklin county, Alabama; and providing the way and manner of appeals from said court to the Supreme Court and the Court of Appeals of Alabama; to abolish the county court of Franklin county, Alabama, and the transfer of all cases pending therein to said law and equity court of Franklin county, Alabama."

The Franklin County Act, now before us, is in the main a copy of the act creating the

Morgan county court. Local Acts 1919, p. 194. The published notice of the Franklin County Act is patterned largely after the notice of the Morgan County Act. The principal differences between the two acts, and those with which we shall concern ourselves, are that the Morgan County Act contains a provision, not contained in the Franklin County Act, for separate divisions of the county court, while the Franklin County Act contains provisions, not found in the Morgan County Act, for the abolishment of the county court and the office of deputy solicitor in Franklin county.

In the case of Polytinsky v. Johnston, 99 So. 839, 211 Ala. 99, the Supreme Court had before it the question of the validity of the Morgan County Act. The specific question there was the sufficiency of the notice to cover the provision authorizing the holding of the county court in separate divisions; but the court in that case, after quoting the notice of the act, apparently regarded it as sufficient for all purposes, and held that the act was not violative of section 106 of the Constitution. The Polytinsky Case is, we think, sufficient authority for our conclusion that the notice before us is broad enough to comprehend all the provisions common to both the Morgan and Franklin County Acts.

The next question is, Does the notice of the Franklin County Act comprehend the provisions peculiar to that act, viz. abolishment of the county court and of the office of deputy solicitor? As to the county court, the notice in terms declares it to be one object of the act to abolish that court and transfer its cases to the court thereby created. True, the notice does not specifically declare that the office of deputy solicitor is proposed to be abolished. The notice does advise that officers for the court are to be provided. A solicitor for the court is a necessary officer. Whether the deputy solicitor for the county be required to serve the newly created law and equity court, as he served the abolished county court, or whether a special solicitor be provided, is a mere detail to the major object to provide a solicitor. Section 7 simply abolishes the office of deputy solicitor, but this section is not to be treated as an isolated legislative act; it must be considered along with the whole enactment. Section 8 provides for the appointment of a solicitor of the law and equity court to serve for a stipulated period after which that officer is to be elected. Section 9 requires the solicitor of the law and equity court to serve in the circuit court. Taking into account all related sections of the act, it is clear that the cumulative effect was merely to change the title of the officer and to make him elective by the people of the county, with perhaps some change in compensation. This was a mere detail of legislation.

[9] The Constitution is complied with if the notice contains a fair compendium or abstract of the act in all its essential features; it is not the purpose to interfere with the rights of the Legislature to shape up and work out the details of legislation. State v. Williams, 39 So. 276, 143 Ala. 501. We hold that the notice in this case is a fair compendium of all the essential features of the act under consideration.

[10] Appellant insists that the act is duplicitous; that the creation of the law and equity court, the abolition of the county court, and the abolition of the office of deputy solicitor are separate and distinct subjects of legislation. In answering this contention, we deem it sufficient to say that these provisions are but incident to the main object, that the major purpose of the act is single, and that all its provisions are allied, germane, and cognate to it, and that section 45 of the Constitution is satisfied. State v. Street, 23 So. 807, 117 Ala. 208; Polytinsky v. Johnston, supra.

[11] Is section 12 of the act offensive to section 143 of the Constitution? We answer in the negative. The jurisdiction conferred by section 143 is not exclusive; that section is to be read in connection with section 139. It has been held by the Supreme Court that the Legislature may establish inferior courts with jurisdiction concurrent with that of the circuit court and may provide for the transfer of cases from the circuit court to such inferior courts. State v. Wood, 44 So. 635, 151 Ala. 574; Murphey v. State, 56 So. 1030, 177 Ala. 666; Polytinsky v. Wilhite, 99 So. 843, 211 Ala. 94.

It results that the law and equity court was validly created and had jurisdiction in this case. Its judgment will be affirmed.

Affirmed.