36 So.2d 457

### Ex parte STATE ex rel. CARMICHAEL.

### 7 Div. 961.

Supreme Court of Alabama.

June 30, 1948.

58

Hugh Reed, Jr., and Irby A. Keener, both of Centre, for respondent.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for petitioner.

SIMPSON, Justice.

The question for decision is whether or not Act No. 163, Local Acts of Alabama 1943, pp. 81 et seq., establishing the Cherokee Law and Equity Court and giving it jurisdiction of all noncapital criminal cases, contravenes that clause of § 143 of the Constitution of Alabama which provides that the circuit court shall have original jurisdiction in all matters civil and criminal within the State except as otherwise ordained by organic law.

The case is here to require the Honorable W. J. Haralson, as Judge of the Circuit Court of Cherokee County, to vacate his order transferring to the Law and Equity Court a grand larceny case which had been

docketed on the circuit court docket. The order of transfer from the circuit court was made pursuant to § 9 of the local act aforesaid, which invests the Cherokee Law and Equity Court with jurisdiction of all noncapital criminal cases and provides that all indictments in such cases shall be returnable into the local court.

■ The contention is that the effect of this section of the act is to completely and unconstitutionally supplant the circuit court in violation of said § 143 of our Constitution. Due to an unwavering line of decisions holding to the contrary view, this argument must be rejected.

■ It has many times been declared that it is within the province of the legislature to establish inferior courts of concurrent jurisdiction with that of the circuit courts and to provide for the transfer of causes from the circuit court to such inferior court. Ex parte State ex rel. Wood, 151 Ala. 574, 44 So. 635, and cases cited; Dean v. State, 100 Ala. 102, 14 So. 762, and cases cited; Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843; James v. State, 21 Ala.App. 295, 107 So. 727; Whitfield v. Saulsberry, 247 Ala. 690, 26 So.2d 93; Ex parte Kelly, 243 Ala. 184, 8 So.2d 855.

■ An inferior court within the meaning of § 139 of the State Constitution, giving to the legislature the power to establish the same, is a court whose judgments or decrees may be reviewed by an appellate tribunal, whether that tribunal be the circuit court or other appellate court. Ex parte Roundtree, 51 Ala. 42; Nugent v. State, 18 Ala. 521.

And, "the Legislature has the unquestioned power to vest in inferior courts of statutory creation any of the powers or any portions of the jurisdiction of the chancery or circuit courts, to be exercised concurrently with those courts, if the latter are not completely and constitutionally supplanted. Const.1901, §§ 148, 139, 171; State ex rel. Winter v. Sayre, 118 Ala. 1, 24 So. 89." Ex parte Pruitt, 207 Ala. 261, 262, 92 So. 426, 427; Martin v. State, 210 Ala. 44, 97 So. 57.

Provisions in previous acts of similar character in varying language, but not substantially different in operational effect,

have many times been sanctioned as constitutional. The fact that this particular court has been invested with some felony, as well as misdemeanor, jurisdiction in no way affects its constitutionality. Many such courts with analogous provisions conferring jurisdiction in certain cases on inferior courts of legislative creation and providing for the transfer of certain cases to such inferior courts from the respective circuit courts are now, and have for years, been in existence and in unchallenged operation. The constitutionality of these courts has been regarded as sanctioned under the authority of decisions of this court, some of which are hereinabove cited, and, as observed by Mr. Justice McClellan in the Wood case, supra, speaking to a similar challenge to the act there considered, "We do not, if so inclined, feel at liberty to depart from the rule stated [in these cases]." 151 Ala. 576, 44 So. 635.

■ Right to issuance of the writ is further sought to be sustained on the alleged ground that the circuit court, having concurrent jurisdiction with the law and equity court, must retain jurisdiction of the case which had, previously, been transferred to it from the said law and equity court. This insistence overlooks the fact that the cause was first properly docketed in the law and equity court pursuant to the provisions of the local act, the indictment having been returned into that court pursuant to said act, and there was no authority for the transfer of the cause to the circuit court.

The presumed authority for the original transfer from the law and equity court was under the assumption that the law and equity court, as to its jurisdiction over the case, had been abolished by Act No. 512, General Acts 1947, p. 354. This latter mentioned act, however, is manifestly invalid and unconstitutional, thereby leaving intact the jurisdiction of the law and equity court as originally invested by the local act.

■ That the last mentioned general act (No. 512) is patently unconstitutional is not controverted but is conceded by the distinguished Assistant Attorney General who represents the petitioner. While passed in the guise of a general act, it is aimed only at the particular locality, designed to

**60**

remedy only the special condition (curtailing the criminal jurisdiction of the law and equity court), and therefore falls within the condemnation of § 106 of the Constitution as construed by our cases. The act clearly designates rather than classifies and is void. Ward v. State, 224 Ala. 242, 139 So. 416; Mobile County v. Byrne, 218 Ala. 5, 117 So. 83.

Writ denied.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.