52 So.2d 168

## BLACKWELL v. AUSTIN, Warden, et al.
### 5 Div. 349.

Court of Appeals of Alabama.
April 24, 1951.

Glen Curlee, of Wetumpka, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for appellees.

**HARWOOD, Judge.**

This is an appeal from a judgment and decree of the Circuit Court of Elmore County denying appellant's discharge on habeas corpus proceedings from her imprisonment in Julia Tutwiler Prison.

Her petition alleges that she is illegally confined under a judgment and sentence made and imposed by W. E. Strickland, a Justice of the Peace in and for Beat 18 in Elmore County, Alabama, for an offense allegedly committed in Beat 8 of Elmore County, despite the fact that a Justice of the Peace for Beat 8 was duly qualified.

The State demurred to the petition, assigning numerous grounds, several of which assert that the petition fails to show that W. E. Strickland as Justice of the Peace for Beat 18 in Elmore County did not have jurisdiction to hear and determine the cause. The court sustained the State's demurrer "in so far as it relates to the aspects of the petition relating to lack of jurisdiction of the Justice Court to hear and consider the cause for which the petitioner was alleged to have been convicted."

The respondents' answer asserts that petitioner is being held "by virtue of a judgment and sentence of the *Justice Court of Wetumpka, Alabama,* a correct copy of which judgment and sentence is offered in evidence before the court by the respondents." (Italics ours.) No exhibit was attached to the answer, nor was any judgment offered in evidence by the respondents.

The pleadings and evidence establish without dispute that W. E. Strickland was elected and qualified as a Justice of the Peace in Beat 18 of Elmore County, and that appellant's trial was held by him in Beat 8 of Elmore County. We judicially know by the public records that a regularly qualified Justice of the Peace was functioning for Beat 8 at the time the trial was held. Bryant v. State, 28 Ala.App. 363, 184 So. 288; Williams v. State, 23 Ala.App. 365, 125 So. 690.

Final jurisdiction of Justices of the Peace in criminal cases is limited to the precinct for which they are elected, except that they also have jurisdiction in adjoining precincts when there is no Justice of the Peace or Notary Public ex officio Justice of the Peace qualified to act in such adjoining precinct. Section 416, Title 13, Code of Alabama 1940. The terms of Section 416, supra, are clear and unequivocal. When a Justice of the Peace assumes extraterritorial jurisdiction, unless within the exception above noted, his attempted judgment in the exercise of such illegal jurisdiction is a completely void

and null act of no legal significance whatsoever. See also Reports of the Attorney General, 1934–36, page 233.

It follows therefore that the court erred in sustaining the demurrers to the petition in the aspect indicated.

The court further erred in denying the relief prayed for in appellant's petition.

It is therefore the order of this court that this cause be reversed, and it is hereby further ordered that this appellant be released from further custody.

Reversed and rendered.