81 So.2d 686

**OPINION OF THE JUSTICES.**

No. 146.

Supreme Court of Alabama.

July 11, 1955.

House Resolution No. 5.

Resolved by the House of Representatives, that the Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written opinions concerning the following important constitutional question which arises in connection with H. *101,* a pending bill for an act to establish a law and equity court in Winston County:

Question 1. Does said bill propose a law establishing a court of general jurisdiction at law or in equity, or both, contrary to the provisions of Section 139 of the Constitution of 1901?

The House of Representatives
State of Alabama
State Capitol
Montgomery, Alabama

Dear Sirs:

We acknowledge receipt of your inquiry of May 5th in which you request an opinion on House Bill No. 101 as set out in House Resolution No. 5.

In reply we beg to advise that House Resolution No. 5 requests the Justices of

this Court to render a written opinion as to whether or not House Bill No. 101 would, if enacted into law, violate Section 139 of the Constitution of Alabama of 1901. House Bill No. 101 proposes to create a Law and Equity Court for Winston County, Alabama, and abolish the county court of the aforesaid county. The proposed law and equity court shall be a court of record. The bill grants to the proposed Law and Equity Court jurisdiction over all matters triable in the county court and concurrent jurisdiction with the circuit court in civil matters and in certain enumerated equity proceedings. Appeals in law and equity cases may be taken directly to the Supreme Court of Alabama or to the Court of Appeals. Appeals in criminal cases may be taken to the circuit court of the county.

The specific question asked by the resolution is, "Does said bill propose a law establishing a court of general jurisdiction at law or in equity, or both, contrary to the provisions of Section 139 of the Constitution of 1901?" To this question we answer "No".

Section 139 of the Constitution of Alabama of 1901 provides as follows:

"The judicial power of the state shall be vested in the senate sitting as a court of impeachment, a supreme court, circuit courts, chancery courts, courts of probate, such courts of law and equity inferior to the supreme court, and to consist of not more than five members, as the legislature from time to time may establish, and such persons as may be by law invested with powers of a judicial nature; but no court of general jurisdiction, at law or in equity, or both, shall hereafter be established in and for any one county having a population of less than twenty thousand, according to the next preceding federal census, and property assessed for taxation at a less valuation than three million five hundred thousand dollars."

Section 139 of the Constitution, as aforesaid, does not prohibit the Legislature from creating the law and equity court set forth in the proposed bill. The law and equity court which will be created by the enactment of said bill will not be a court of "general jurisdiction" within the meaning of Section 139 of the Constitution of Alabama of 1901.

It is to be noted that the court proposed to be created by House Bill No. 101, supra, has jurisdiction which is limited. Section 2(a) of the bill provides that the court will have exclusive jurisdiction of matters triable in the county court under the general laws. Obviously, this excludes the trial of felony cases because county courts have power to try misdemeanor cases only under the general law.—Title 13, § 321, Code of 1940.

Section 2 of House Bill No. 101, supra, grants unlimited jurisdiction to the law and equity court concurrent with the circuit court in all civil matters, but as to suits in equity the law and equity court's jurisdiction is limited to the granting of divorces, suits for separate maintenance, the awarding of alimony, and the effecting of property settlement in connection with divorces and cases involving domestic relations or the custody of children.

In the case of Cherokee County v. Savage, 249 Ala. 688, 32 So.2d 803, it was held that the Cherokee Law and Equity Court was a statutory court of record with limited jurisdiction; further that the creating of said court was not violative of Section 139 of the Constitution. Comparing the jurisdiction of the proposed Law and Equity Court of Winston County with that of the Cherokee Law and Equity Court, it is apparent that the criminal jurisdiction of the Winston County Court is more limited than the criminal jurisdiction of the Cherokee County Court. The Cherokee Court has jurisdiction of all crimes except capital felonies, whereas the Winston Court will have jurisdiction of misdemeanors only. In equity the Cherokee County Court has unlimited concurrent jurisdiction with the circuit court, but the equity jurisdiction of the proposed Winston County Court is confined to the matters above-enumerated. It is plain, therefore, that both at law and in equity the proposed Winston County Court has a more limited jurisdiction than the

Cherokee Court and this court has decided that the latter court was not a court of general jurisdiction within the meaning of Section 139, supra. Accordingly, the Legislature would not be prohibited from creating an inferior court in and for Winston County. As stated in Ex parte Pruitt, 207 Ala. 261, 92 So. 426, and Ex parte State ex rel. Carmichael, 251 Ala. 57, 36 So.2d 457, 458, " 'the Legislature has the unquestioned power to vest in inferior courts of statutory creation any of the powers or any portions of the jurisdiction of the chancery or circuit courts, to be exercised concurrently with those courts, if the latter are not completely and constitutionally supplanted.' "

Since the proposed court is not a court of general jurisdiction, the bill is not offensive to Section 139 of the Constitution of 1901.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice,
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
JOHN L. GOODWYN,
PELHAM J. MERRILL,
JAMES J. MAYFIELD,
Justices.