62

116 So.2d 382

**Ex parte Resin BUSH.**

**Ex parte C. C. ROSS.**

**Ex parte R. S. WARD.**

**4 Div. 9–11.**

Supreme Court of Alabama.

Dec. 10, 1959.

E. C. Boswell, Jas. A. Mulkey, Jas. W. Kelly, Jos. P. Hughes, and Jack W. Smith,

Geneva, W. G. Hardwick and W. G. Hause, Dothan, and A. A. Smith, Hartford, for petitioners.

Joe Breck Gantt, Circuit Sol., Andalusia, for respondent.

SIMPSON, Justice.

These are petitions for mandamus by Bush, Ross, and Ward to require the respondent Circuit Judge to transfer their respective criminal cases from the Circuit Court docket to the Inferior Court of Geneva County. The petitioners are indicted for the violation of certain election laws of the State, and it is conceded that the indictments against the petitioners charge misdemeanors. Since the petitions involve the same legal question, we have consolidated the cases and will prepare this one opinion.

The single question is whether the respondent Circuit Judge is under the mandatory duty of transferring the three misdemeanor cases docketed on the Circuit Court docket to the Inferior Court of Geneva County. The question must perforce be answered in the affirmative by reason of Act No. 538, Local Acts of Alabama, 1939, page 329, particularly § 9 thereof, which reads:

"Section 9 * * * That on and after the effective date of this Act, it shall be the duty of the presiding Judge of the Circuit Court of Geneva County, Alabama, to make an order transferring to this Court [Inferior Court of Geneva County] all cases pending on the docket of said Circuit Court wherein the defendants are charged with the commission of misdemeanor, and thereafter each and every indictment returned by a grand jury of Geneva County against persons charged with the commission of misdemeanor shall be placed on the docket of this Court by the Clerk for trial and disposition, and no order with respect to such indictments by the Circuit Court is necessary."

Section 9 specifically makes it the duty of the Circuit Judge to order a transfer to the Inferior Court of Geneva County any case which was pending on the Circuit Court docket when the Act was passed, and thereafter any indictment returned by a grand jury of said county, against persons charged with the commission of a misdemeanor. This case falls within the principle enunciated in Ex parte State ex rel. Wood, 151 Ala. 574, 44 So. 635, and is authority for our holding. There a Writ of Mandamus by this Court was sought to require the transfer of a prosecution against the Relator for a misdemeanor, previously the subject of indictment, from the Circuit Court to the County Court of Washington County. The legislature had enacted that all misdemeanor cases pending in the Circuit Court, as well as those in the future brought therein by indictment by the grand jury, should be transferred for trial to the County Court. The Circuit Judge had refused to transfer the case there considered to the County Court of Washington County, as the Circuit Judge in the instant cases has refused to do. The court in the Wood case held that the Circuit Judge was in error and granted a Writ of Mandamus to require said judge to transfer the case in accordance with the local statute there under review. There is hence no distinction between the rationale or holding of the Wood case and our holding here.

The import of the following cases is to the same effect: Ex parte State ex rel. Carmichael, 251 Ala. 57, 36 So.2d 457; James v. State, 21 Ala.App. 295, 107 So. 727, and Opinion of the Justices, 263 Ala. 156, 81 So.2d 686. And there are perhaps others which are unnecessary to cite.

It results from the foregoing that the misdemeanor cases of the petitioners should be transferred by the presiding judge of the Circuit Court of Geneva County to the County Court of Geneva County.

We take judicial notice of a change in the presiding judge of said Circuit Court,

**64**

but we assume that the present presiding judge will recognize the ruling here made and will accordingly forthwith transfer the three indictments to the Inferior Court of Geneva County. Of consequence the writs will be ordered issued only in the event the present judge should fail to order the transfer of said indictments.

Writs issued conditionally.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.