WRIGHT, Presiding Judge.
This is an appeal from a judgment determining amount due as alimony under a prior judgment of divorce and from denial of a motion for a new trial through operation of Rule 59.1, Alabama Rules of Civil Procedure.
In order that it be fully understood, we relate the history of this matter. The parties were divorced in 1967. The custody of three minor children was given to the mother, with the father required to make certain payments for child support and alimony and to be responsible for payment of necessary medical and hospital expenses of the children. In 1973 the mother brought a petition against the father alleging his failure to fully make payments as ordered by the court. The court was requested to deter *910 mine the sums due and unpaid and to hold the father in contempt for failure to obey the prior judgment. Modification of the previous order was also sought by the mother. The petition, together with a rule to show cause, was set for hearing before the court for May 9, 1973. Nothing further is shown by the record until a judgment was entered June 28, 1979.
The judgment recites that it had come to the attention of the court that its findings after hearing on the petition filed March 28, 1973, were not reduced to writing. It therefore “finds that the wife should recover the sum of $3,188.98 plus $600 attorney fee” from the husband.
The husband, now an attorney, filed pro se a motion for new trial on July 17, 1979. It was presented to the judge on September 24. He set a hearing for December 4, 1979. That hearing date was much more than ninety days after the date of filing. There being no entry of an agreement for extension of time, the motion was deemed denied on October 17, 1979, by operation of Rule 59.1, ARCP.
The only issue is whether a delay of entry of judgment for more than six years after hearing requires the granting of a motion to set aside the judgment and set a new trial.
Appellant alleged no grounds in his motion for new trial challenging the correctness or fairness of the amount found to be due under the former decree. He charges that the judgment was not rendered in a reasonable time and, under the circumstances existing after the passage of time, is no longer equitable. He cites no statute, rule, or precedential decision. His original argument in brief is approximately one page. He presented no claim of prejudice or injury to himself other than the passage of time.
The denial or granting of a motion for new trial is a matter for the exercise of the discretion of the trial judge. Robertson Banking Co. v. Ebersole, 331 So.2d 278 (Ala.1976). Though this court does not approve of such delay between hearing and judgment, we know of no rule which renders such judgment void or per se prejudicial to a defendant. Our consideration of the sparse record convinces us that defendant’s substantial rights have in no way been injuriously affected. Rule 45, ARCP.
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.