David Arnett was indicted in a two-count indictment for the offense of sexual abuse *Page 1159 
in the first degree, in violation of § 13A-6-66, Code of Alabama 1975, and for sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975. The jury found the appellant not guilty of the sexual abuse charge but "guilty of sodomy in the first degree as charged in the indictment." A sentencing hearing was held and the appellant was sentenced to 15 years' imprisonment in the penitentiary.
The appellant does not challenge the sufficiency of the evidence; therefore, the facts will be discussed only as they pertain to the issues raised on this appeal.
In the case at bar, the appellant raises seven issues. The appellant completely fails to discuss four of the seven issues raised. Thus, they will be deemed waived for purposes of this appeal. See Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 1984).
 I
The appellant argues that the trial court incorrectly denied his motion to dismiss for lack of prosecution and denial of a speedy trial. The facts that are relevant to the determination of this issue are as follows:
January 16, 1987 The appellant was indicted on a two-count indictment for first degree sexual abuse and first degree sodomy.
February 6, 1987 The appellant demurred to the indictment. This was overruled. Appellant then waived arraignment and entered a plea of not guilty.
March 9, 1987 State ordered indictment to be withdrawn and filed.
April 19, 1988 Defendant filed motion to dismiss for lack of prosecution and denial of speedy trial.
May 16, 1988 State filed motion to reinstate indictment against the appellant.
June 3, 1988 Hearing on motions to dismiss and reinstate.
June 13, 1988 Motion to dismiss was denied. Motion to reinstate was granted.
September 20, 1988 Trial began.
In deciding whether the appellant was denied his right to a speedy trial, we apply the four-prong test set out inBarker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972). See also Wade v. State, 381 So.2d 1057 (Ala.Cr.App. 1980). The factors to be weighed are the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker,407 U.S. at 530, 92 S.Ct. at 2192. After carefully weighing each of these factors, we find that the appellant was not denied his right to a speedy trial.
(A) Length of Delay — In order to trigger the examination of the other three factors, the length of delay must be presumptively prejudicial. Barker; Wade. The length of delay from the original indictment until trial was approximately twenty months. Although we do not find this length " 'presumptively prejudicial' or 'patently offensive,' " Dykes v.State, 452 So.2d 1377, 1379 (Ala.Cr.App. 1984), we will nevertheless examine this case under the other three factors because each case is unique and "the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker, 407 U.S. at 530,92 S.Ct. at 2192.
(B) Reason for the Delay — From the hearing on the motion to dismiss, it appears that the length of delay can be attributed to a misunderstanding between the appellant and the State. Apparently, a former prosecutor for the State had offered the appellant the option of deferred prosecution.
As explained by the State's attorney at the hearing, this means that a defendant and the State could enter into a stipulation of the facts and an admission of the crime. Thereupon, certain conditions are placed upon the defendant, such as periodic counseling, review by a team of doctors, etc. If no further problems arise during the period of deferred prosecution, the charges are not reinstated.
The deferred prosecution agreement normally must be signed before the court will have the indictment withdrawn and filed. This was never done in this case. It is not clear why the indictment was withdrawn without having the appellant's signature on the deferred prosecution agreement. It appears from the record that this was done because the former State prosecutor thought an agreement had been reached concerning the deferred prosecution. The appellant, however, says he was adamantly *Page 1160 
opposed to the deferred prosecution agreement.
The appellant alleges that the State should have been aware that an agreement had not been reached as to the deferred prosecution and, thus, should have initiated further action in this case.
The misunderstanding or negligence on the part of the State in this case, while considered, must be weighed less heavily than a "deliberate attempt to delay the trial." Kimberly v.State, 501 So.2d 534, 537 (Ala.Cr.App. 1986). See also Dykes;Wade; and Barker.
(C) Assertion of His Rights — Although the appellant did assert his right to a speedy trial via his motion to dismiss, he did not do so until approximately 13 months after the original indictment was withdrawn and filed. If he flatlyrejected the deferred prosecution agreement, as he asserts, then he should have been aware that the case was not resolved and that he was still subject to prosecution. Thus, the fact that he waited over one year to assert his rights weighs heavily against him. While it is true that "[a] defendant has no duty to bring himself to trial," Barker, 407 U.S. at 527,92 S.Ct. at 2190, he cannot delay the assertion of his rights for as long as possible and then claim he was harmed by the delay. This brings us to the discussion of the fourth prong of the test.
(D) Prejudice to the Defendant — In Barker, the Court enunciated three interests that a speedy trial was designed to protect. These interests are:
 "(i) to prevent oppressive pre-trial incarceration;
"(ii) to minimize anxiety of the accused;
 "(iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532, 92 S.Ct. at 2193.
It does not appear from the record that the appellant suffered any oppressive pre-trial incarceration. In fact, the appellant appears to have been virtually a "free man." He was living and working in Georgia at the time of the trial.
The appellant makes vague reference to the remaining two factors. He argues that he was prejudiced because he had to awaken "every day to the reality that he was accused of a crime and to the reality that he was precluded, by the State's inaction, from seeking to be vindicated." (Appellant's brief p. 15).
While this may be true, the appellant fails to demonstrate how this anxiety manifested itself. Thus, we do not consider this assertion alone enough to justify a ruling that this appellant was denied a speedy trial.
The appellant also argues that he was prejudiced because the State's key witness, the complainant, grew older and more articulate and, thus, more credible. The appellant believes this prejudiced him because the passage of time made her better able to withstand the pressures of a trial. It is important to note that the passage of time alone is not enough to establish a denial of a speedy trial. Wade. Although the State's primary witness did grow older during the delay, it is speculation on the appellant's part as to whether this made her better able to withstand the pressures of trial and, thus, a better prosecution witness. Therefore, we find that this delay did notsubstantially prejudice this defendant. This is especially true when considered in conjunction with the other three factors set out above.
After weighing the four factors enumerated in Barker against the facts in the case at bar, we find that the appellant was not denied his constitutional right to a speedy trial.
 II
Prior to trial the appellant filed two motions for a psychiatric examination of the complainant, his daughter. She was approximately six years old at the time of the trial.
Both of these motions were denied. The appellant argues that it was error to deny these motions. The appellant cites several cases for the proposition that it is within the trial court's discretion to order a psychiatric examination. The appellant concedes that there is not an absolute right to such an examination but "suggests that *Page 1161 
the court should recognize its discretion to order such an examination." (Appellant's brief p. 15).
We certainly agree that it is within the trial court's discretion whether to order a psychological examination of the complaining child witness. We do not agree, however, that the trial court abused its discretion in failing to order the examination in the instant case.
Section 15-25-3(c), Code of Alabama 1975, states:
 "(c) Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse or sexual exploitation, shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding. The trier of fact shall be permitted to determine the weight and credibility to be given to the testimony. The court may also allow leading questions of such child witnesses in the interest of justice." (Emphasis added.)
It is clear from this section that no other examination is necessary. Nevertheless, the trial judge did listen to the testimony of Dr. Dennis Breiter, M.D., a clinical psychologist, before making the decision that the complainant was competent to testify. Dr. Breiter testified that she appeared to be of above average intelligence.
The appellant argues that the trial judge should have ordered further psychological testing because Dr. Breiter did not believe the complainant could separate fact from fantasy. However, the record does not reflect that Dr. Breiter held such an opinion. In fact, he testified that he did not have anopinion concerning her ability to separate fact from fantasy. He testified that he did not perform the specific tests on her which would enable him to form such an opinion. He stated that he referred her to the Department of Pensions and Security for further evaluation on this matter.
After hearing the testimony of Dr. Breiter, the trial judge concluded that the complainant was competent to testify under the statute. The trial judge indicated to defense counsel that he would be given wide latitude in cross-examining the complainant.
Furthermore, before the direct examination of the complainant, the trial judge asked her if she knew what it meant to tell the truth and to tell a lie. She responded yes to both questions. She further indicated to the trial court that she knew she must tell the truth from the witness stand.
Thus, we conclude the trial court did not abuse its discretion in denying the request for further examination of the complainant. See Mitchell v. State, 473 So.2d 591
(Ala.Cr.App. 1985); Miller v. State, 391 So.2d 1102
(Ala.Cr.App. 1980).
 III
The appellant asserts that the trial court incorrectly denied his request to examine the complainant on voir dire outside of the presence of the jury. The appellant fails to cite any legal authority for this proposition in his discussion of this issue, so this argument will be deemed waived. Vinzant v. State,462 So.2d 1037 (Ala.Cr.App. 1984).
For the reasons stated above, the case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.