The appellant, Roger Dale O'Barr, was convicted of robbery in the first degree, in violation of § 13A-8-51, Code of Alabama 1975. He was sentenced under the Habitual Felony Offender Act to life in prison without parole.
The state's evidence tended to show that on July 6, 1990, Fowler Drugs, a drugstore in Hartselle, Alabama, was robbed by two men. One man entered the store, went to the pharmacy area of the store, and forced the pharmacist to fill a 30-gallon garbage bag with prescription drugs. Another man, identified by three people in the store as the appellant, pulled a gun on two people who were in the store and said that this was a "stick up." He told them not to say anything or he would shoot them. The appellant then pointed his gun at a customer who had walked in during the robbery. He tied up all three people and had them sit on the floor. The two robbers then left the store with the bag of prescription drugs.
 I
The appellant initially argues that the trial court erred in denying his motion to dismiss the indictment. Specifically, he contends that according to the Uniform Mandatory Disposition of Detainers Act (UMDDA) he should have been tried within 90 days after he filed a request for trial. § 15-9-84, Code of Alabama 1975. He argues that because he was not tried within 90 days the charges against him should have been dismissed.
At the time that the appellant was indicted in this case in Morgan County, Alabama, he was serving a sentence on a prior conviction in Madison County. Both the now-charged offense and the prior offense occurred in Alabama. The appellant argues that according to Turner v. State, 584 So.2d 925
(Ala.Cr.App. 1991), the UMDDA applies to intrastate *Page 535 
detainers and that we should therefore reverse his conviction and render a judgment in his favor.
However, the Alabama Supreme Court in Ex parte Springer,619 So.2d 1267 (Ala. 1992), declared void those sections of the UMDDA dealing with intrastate detainers, leaving as valid and enforceable those sections concerning interstate detainers. Therefore according to Springer, the UMDDA is not applicable to the appellant's case.
 II
The appellant next argues that he was denied his constitutional right to a speedy trial as guaranteed by the Sixth Amendment. The United States Supreme Court in Barker v.Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), recognized four factors to be used to determine whether a person received a speedy trial. They are "length of delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker, 407 U.S. at 530,92 S.Ct. at 2192.
 "This court noted in Arnett v. State, 551 So.2d 1158 (Ala.Cr.App. 1989), that the length of the delay must be 'presumptively prejudicial.' In Arnett, we stated that 20 months was not too long a delay. However, as the Supreme Court noted in Barker and as this court noted in Arnett, these cases must be analyzed on a case-by-case method, since each involves circumstances which are unique to that particular case."
Goodson v. State, 588 So.2d 509, 511 (Ala.Cr.App. 1991).
The right to a speedy trial is triggered when a warrant of arrest is issued. Goodson. In this case, the warrant was issued on June 14, 1991. The appellant was tried 16 months later, in October 1992. A 16 month delay is not "presumptively prejudicial" under the facts of this case. Arnett v. State,551 So.2d 1158 (Ala.Cr.App. 1989). However, each factor articulated in Barker is related and as the Court in Barker stated: "[The factors] must be considered together with such other circumstances as may be relevant." 407 U.S. at 533,92 S.Ct. at 2193.
In this case, the appellant asserted his right to a speedy trial on July 1, 1991, when he filed a pro se motion for a speedy trial. Throughout the entire delay the appellant was incarcerated in an Alabama prison serving a sentence on a previous conviction. The record does not contain the reasons for the delays. However, there is no indication that any requests for continuances were made by either party. The docket sheet reflects that the lengthiest delay occurred when the appellant filed a motion to dismiss for lack of jurisdiction. After a review of all the facts, we hold that this appellant was not denied his constitutional right to a speedy trial.
 III
The appellant next argues that the trial court erred in denying his motion to dismiss the indictment because of the state's alleged failure to fully comply with discovery. The appellant's trial was to start on Monday. The Friday before, the appellant's counsel made a motion to dismiss because of the state's alleged failure to comply with the discovery order. At that time the appellant was given all the evidence that had not been disclosed earlier. The following occurred:
 "The Court: Are you asking for a continuance because of the failure to receive the discovery?
 "Mr. Conner [Defense counsel]: No, sir. What I asked for was a motion to dismiss.
 "The Court: Well, I would overrule that motion. From there where do you want to go?
"Mr. Conner: Well —
 "The Court: I think that the remedy there would at most be to exclude that evidence if it is offered. If it is not being offered yet, I couldn't even rule on that, rather than a dismissal of the indictment."
The trial court clearly intended to consider any motion to exclude evidence because of the state's failure to comply with discovery when that evidence was offered at trial. However, at no point during trial did the appellant move to exclude any testimony or physical evidence on the grounds that the state had violated the discovery order. The *Page 536 
appellant has failed to preserve this issue by his failure to object at the time of the admittance of the evidence.Wright v. State, 423 So.2d 345 (Ala.Cr.App. 1982).
Furthermore, the appellant could have requested a continuance but instead chose to proceed. No reversible error occurred here.
 IV
The appellant next argues that the trial court erred in denying his motion for a new trial because, he says, the jury verdict was against the great weight of the evidence. The appellant cites to places in the record that he contends contain contradictory testimonies. Any inconsistencies and conflicts in the evidence were for the jury to resolve. This court is not a finder of fact and will not second-guess juries in their conclusions as to the facts of a case. " '[V]erdicts rendered [on conflicting evidence] are conclusive on appeal.'Johnson v. State, 555 So.2d 818, 820 (Ala.Cr.App. 1989)." Daileyv. State, 604 So.2d 436 (Ala.Cr.App. 1992). See also Woods v.State, 592 So.2d 631 (Ala.Cr.App.), writ quashed, 592 So.2d 636
(Ala. 1991).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.