KELLUM, Judge.
Dora Alicia Ramirez was indicted for murder, a violation of § 13A-6-2, Ala.Code 1975. The circuit court dismissed the indictment on the grounds that Ramirez was denied her constitutional right to a speedy trial. Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit- court’s judgment dismissing Ramirez’s indictment.
The record indicates that Ramirez was arrested on October 14, 2005, on a charge *1055 of murder. The grand jury returned a murder indictment against Ramirez, on December 15, 2005; she was released on bond on January 4, 2006. On November 18, 2013, Ramirez filed a motion to dismiss her indictment on the ground that she had been denied her right to a speedy trial. The State subsequently filed a response to Ramirez’s motion to dismiss in which it argued that Ramirez was not denied her right to a speedy trial,. After considering the pleadings of both parties, the circuit court entered an order on. Decenjber 4, 2013, granting Ramirez’s motion to dismiss. This appeal followed.
The State contends that the circuit court erroneously granted Ramirez’s motion to dismiss the indictment against her on speedy-trial grounds. “The facts before us are undisputed. The only question to be decided is a question of law, and our review is therefore de novo.” Ex parte Heard, 999 So.2d 978, 980 (Ala.2003), citing Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003).
In determining whether a defendant has been denied his or her constitutional right to a speedy trial, we apply the test established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in which the following four factors are considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his or her right to a speedy trial; and (4) the prejudice to the defendant.
In Ex parte Walker, 928 So.2d 259, 263 (Ala.2005), the Alabama Supreme Court stated:
“‘A single factor is not necessarily determinative, because this is a “balancing test, in which the conduct of both the prosecution and the defense are weighed.” ’ Ex parte Clopton, 656 So.2d [1243] at 1245 [ (Ala.1985) ] (quoting Barker, 407 U.S. at 530). We examine each factor in turn.”
A. Length of the delay; Ramirez was arrested • on October 14,- 2005, and indicted'on December 15, 2005; her trial was set to take place on December 3, 2013. The delay in this case was over 97 months.
“In Doggett v. United States, the United States Supreme Court explained that the first factor—length of delay—⅛ actually, a double enquiry.’ 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The first inquiry under this factor is whether the length of the delay is ‘ “presumptively prejudicial.” ’ 505 U.S. at 652, 112 S.Ct. 2686 (quoting Barker, 407 U.S. at 530-31, 92 S.Ct. 2182). A finding that the length of delay is presumptively prejudicial ‘triggers’ an examination of the remaining three Barker factors. 505 U.S. at 652 n. 1, 112 S.Ct. 2686 (‘[A]s the term is used in this threshold context, “presumptive prejudice” does not necessarily indicate a statistical probability of prejudice; it simply marks the point at. which courts deem the delay unreasonable enough to trigger the Barker enquiry.’). See also Roberson v. State, 864 So.2d 379, 394 (Ala.Crim.App.2002).
“In Alabama, ‘[t]he length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrant—whichever is earlier—to the date of the trial.’ Roberson, 864 So.2d at 394. Cf. § 15-3-7, Ala.Code 1975 (‘A prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant or by binding over the offender.’); Rule 2.1, Ala. R.Crim. P. (‘All criminal proceedings shall be commenced either by indictment or by complaint.’).”
Ex parte Walker, 928 So.2d at 263-64.
It is well settled that this Court has found delays substantially less than the *1056 97-month delay in this case to be presumptively prejudicial. Yocum v. State, 107 So.3d 219 (Ala.Crim.App.2011)(45-month delay was presumptively prejudicial); Morris v. State, 60 So.3d 326 (Ala.Crim.App.2010)(73-month delay was presumptively prejudicial); Sharifi v. State, 993 So.2d 907 (Ala.Crim.App.2008) (61-month delay was presumptively prejudicial); State v. Stovall, 947 So.2d 1149 (Ala.Crim.App.2006) (41-month delay was presumptively prejudicial); Vincent v. State, 607 So.2d 1290 (Ala.Crim.App.1992) (31-month delay was presumptively prejudicial). Accordingly, the 97-month delay in the instant case was presumptively prejudicial.
B. Reasons for delay. The following dates are helpful in analyzing this factor:
October 14, 2005 — Ramirez arrested.
December 15,2005 — Ramirez indicted.
January 4, 2006 — Ramirez released on bond.
May 25, 2006 — State filed motion to continue stating that it “require[d] additional time to prepare.” (C. 27.)
May 25, 2006 — circuit court granted motion to continue and set case for trial in October 2006.
September 11, 2006 — State filed motion to continue stating that it was “awaiting the arrest of the co-defendant.” (C. 33.)
September 12, 2006 — circuit court granted motion to continue and set the case for trial in December 2006.
October 30, 2006 — State filed a motion to continue stating that it was “awaiting the arrest of the co-defendant.” (C. 34.)
October 31, 2006 — circuit court granted motion to continue and set the case for trial in April 2007.
March 29, 2007 — Ramirez filed motion to continue on the grounds that she was not ready for trial.
April 2, 2007 — circuit court granted motion to continue and set the case for trial in June 2007.
May 9, 2007 — State filed a motion to continue stating that it was “awaiting the arrest of the co-defendant.” (C. 36.)
May 10, 2007 — circuit court granted motion to continue and set the case for trial in October 2007.
September 18, 2007 — State filed a motion to continue stating that it was “awaiting the arrest of the co-defendant.” (C. 37.)
September 24, 2007 — circuit court granted motion to continue and set the case for trial in December 2007.
November 27, 2007 — State filed a motion to continue stating that it was “awaiting [the] arrest of the co-defendant” and “[d]efense does not object.” (C. 38.)
November 28, 2007 — circuit court granted motion to continue and set the case for trial in April 2008.
June 16, 2008 — case moved to administrative docket.
March 12, 2012 — Ramirez filed motion to set the case on the next available trial docket; circuit court set the case for trial on June 11, 2012,
July 19, 2012 — circuit court continued case to September 2012 trial docket.
September 10, 2012 — circuit court continued case to December 2012 trial docket.
January 9, 2013 — circuit court continued case to February 2013 trial docket.
March 12, 2013 — circuit court continued case to June 2013 trial docket.
June 10, 2013 — circuit court continued case to September 2013 trial docket.
September 9, 2013 — circuit court continued case to December 2013 trial docket.
*1057 November 18, 2013 — Ramirez filed a motion to dismiss.
In Ex parte Walker, supra, the Alabama Supreme Court stated:
“The' State has the burden of justifying the'delay. See Barker, 407 U.S. at 531; Steeley v. City of Gadsden, 533 So.2d 671, 680 (Ala.Crim.App.1988). Barker recognizes three categories of reasons for delay: (1) deliberate delay, (2) negligent delay, and (3) justified delay. 407 U.S. at" 531. Courts assign different weight to different reasons for delay. Deliberate delay is “weighted heavily1 against the State. 407 U.S. at 531. Deliberate delay includes an ‘attempt to delay the trial in order to hamper the defense’ or “‘to gain some tactical advantage over (defendants) or to harass them.”' 407 U.S. at 531 & n. 32 (quoting United States v. Marion, 404 U.S. 307, 325, 92 S.Ct. 455; 30 L.Ed.2d 468 (1971)). Negligent delay is weighted less heavily against the State than is deliberate delay. Barker, 407 U.S. at 531; Ex parte Carrell, 565 So.2d [104,] 108 [ (Ala.1990) ]. Justified delay— which includes such occurrences as missing witnesses or delay for which the defendant is primarily responsible — is not weighted against the State. Barker, 407 U.S. at 531; Zumbado v. State, 615 So.2d 1223, 1234 (Ala.Crim.App.1993) (‘ “Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker.”’)(quoting McCallum v. State, 407 So.2d 865, 868 (Ala.Crim.App.1981)).”
Ex parte Walker, 928 So.2d at 265.
The record indicates that Ramirez moved to, continue her case once and the State moved to continue Ramirez’s case six times before the case was transferred to the administrative docket. As grounds for the continuances sought, the State asserted that it was awaiting the arrest of the codefendant and, in one instance, cited a need for additional time to prepare for trial. Although the record does not indicate which party moved to place the case on the administrative docket or if the court acted sua sponte, the record- does indicate that neither the State nor Ramirez objected to the court’s action or moved to place the case back on the circuit court’s active docket for approximately four years. After the circuit court placed the case back on the active docket, the court sua sponte continued the case six times.
Based on our examination of the record, it appears that reasons for the 97-month delay between Ramirez’s arrest and trial may be attributed to both the prosecution and the defense. Actions on the part of the State evidence both justified and negligent delay. The State moved to continue the case several times while awaiting the arrest of Ramirez’s codefendant and failed to proceed with the prosecution while the case remained on the circuit court’s administrative docket. Further, Ramirez waited four years before she moved the circuit court to place the case on the active trial docket. Accordingly, we find no deliberate delay on the part of the State to enhance its own case or to prejudice the defense.
C. Assertion of right to speedy trial. Ramirez was arrested for murder on October 14, 2005; she was indicted on December 15, 2005. However, Ramirez did not file a motion to dismiss her indictment on speedy-trial grounds until November 18, 2013, less than one month before her trial was set to begin on December 2, 2013.
“An accused does not waive the right to a speedy trial simply by failing to assert it. Barker, 407 U.S. at 528, 92 S.Ct. 2182. Even so, courts applying the Barker factors are to consider in the *1058 weighing process whether and when the accused asserts the right to a speedy trial, 407 U.S. at 528-29, 92 S.Ct. 2182, and not every assertion of the right to a .speedy trial is weighted equally. Compare Kelley v. State, 568 So.2d 405, 410 (Ala.Crim.App.1990). (‘Repeated requests for a speedy trial weigh heavily in favor of an accused.’), with Clancy v. State, 886 So.2d 166, 172 (Ala.Crim.App.2003)(weighing third factor against an accused who asserted his right to a speedy trial two weeks before trial, and stating: “‘The fact that the appellant did not assert his right to a speedy trial sooner' ‘tends to suggest that he either acquiesced in the delays or suffered only minimal prejudice prior to that date.’ ” ’)(quoting Benefield v. State, 726 So.2d 286, 291 (Ala.Crim.App.1997), additional citations omitted), and Brown v. State, 392 So.2d 1248, 1254 (Ala.Crim.App.1980) (no speedy-trial violation where" defendant asserted his right to a speedy trial three days befóré trial).”
Ex parte Walker, 928 So.2d at 265-66.
In the instant case, the ease was on the circuit court’s active docket for almost three .years before it was placed on the circuit court’s administrative docket, where it languished for approximately four years. Ramirez eventually moved to set the case on the next available trial docket but did not, at that time, raise a speedy-trial claim. After it reset the case for trial, the circuit court continued the case six more times with no objection from Ramirez. Indeed, Ramirez did not assert her right to a speedy trial until less than one month before her December 2013 trial date. The delayed filing of Ramirez’s motion to dismiss suggests that Ramirez, who had been released on. bond shortly after her arrest, acquiesced in the delays. Accordingly, the third Barker factor weighs against Ramirez and in favor of the State.
D. ■Prejudice to the defendant. In her motion to dismiss, Ramirez alleged that she was prejudiced by the more than 97-month delay because “[f]or nearly a decade, she has lived under a cloud of anxiety.” (C. 53.) Ramirez offered no additional reasons why she was prejudiced by the delay of her case.
In Ex parte Walker, the Alabama Supreme Court discussed the general principles. concerning prejudice and set forth guidelines regarding the interaction of the. type and weight of prejudice .with the cause of the delay, and explained how these two factors influenced the defendant’s burden of proving the fourth prong of Barker:
“Because ‘pretrial delay is often both inevitable and wholly justifiable,’ Doggett [v. United States], 505 U.S. [647,] 656 [ (1992) ], the fourth Barker factor examines whether and to what extent the delay has prejudiced the defendant. Barker, 407 U.S. at 532. The United States Supreme Court has recognized three types of harm that may result from depriving a defendant of the right to a speedy trial: ‘ “oppressive pretrial incarceration,” “anxiety and’ concern of the accused,” and “the possibility that the [accused’s] defense will be impaired” by dimming memories and loss of exculpatory evidence.’ Doggett, 505 U.S. at 654 (quoting Barker, 407 U.S. at 532, and citing Smith v. Hooey, 393 U,S. 374, 377-79, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966)). ‘Of these forms of prejudice, “the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.”’ 505 U.S. at 654 (quoting Barker, 407 U.S. at 532).
[[Image here]]
*1059 “The United States Supreme. Court in Doggett used three hypothetical cases to demonstrate the accused’s burden under the fourth Barker factor. 505 U.S. at 656-57, 112 S.Ct. 2686. See Robinson v. Whitley, 2 F.3d 562, 570 (5th Cir.1993) (discussing Doggett). The accused’s burden ‘of proof in each situation varies inversely with. the [Statel’s degree of culpability for the delay.’ Robinson, 2 F.3d at 570 (citing Doggett, 505 U.S. at 656, 112 S.Ct. 2686). In the first scenario, where the state pursues the accused ‘with reasonable diligence,’ the delay— however long — generally is " excuá'ed un-‘ less the aecuséd demonstrates “specific prejudice to his defense.’ Doggett, 505 U.S. at 656, 112 S.Ct. 2686. Thus, when the state acts with reasonable diligence in bringing the defendant to trial, the defendant has the burden of proving prejudicé caused by the delay.
“[Discussion of the second situation recognized in Doggett involving bad-faith efforts by the state to delay the defendant’s trial].
“The third scenario recognized in Doggett' involves delay caused by the state’s ‘official negligence.’ Doggett, 505 U.S. at 656-57, 112 S.Ct. 2686. Official negligence ‘occupies the middle ground’ between bad-faith delay and diligent prosecution. Id. In evaluating and weighing negligent - delay, the court must ‘determine what portion of the delay is attributable to the [statel’s negligence and whether this negligent delay is of such a duration that prejudice to the defendant should be presumed.’ Robinson, 2 F.3d at 570 (citing Doggett, 505 U.S. at 656-58, 112 S.Ct. 2686). The weight, assigned to negligent delay ‘increases as the length of the delay increases.’ United States v. Serna-Villarreal, 352 F.3d 225, 232 (5th Cir.2003)(citing Doggett, 505 U.S. at 656-57, 112 S.Ct. 2686). Negligent der lay may be so lengthy — or the first three Barker factors may weigh., so heavily in the accused’s favor — that the accused becomes entitled to a finding of presumed prejudice. 352 F.3d at 231 (citing Robinson, 2 F.3d at 570, citing in turn Doggett, 505 U.S. at 655, 112 S.Ct. 2686). When prejudice is presumed, the burden shifts to the state, which must then affirmatively show either that the delay is ‘extenuated, as by the defendant’s acquiescence,’ or ‘that the delay left [the defendant’s] ability to defend himself-unimpaired.’ Doggett, 505 U.S. at 658 & n. 4, 112 S.Ct. 2686.”
928 So.2d at 266-68.
In her motion to dismiss, Ramirez made only a general allegation that the delay caused Her to live under “a cloud of anxiety” for nearly 10 years. (C. 53.). The record indicates that Ramirez was not subject to extended pretrial confinement because she was released on bond shortly after her indictment. Moreover, Ramirez has failed to allege, much less show, that her defense was impaired by the delay.
In this case, the delay did not violate Ramirez’s right to a speedy trial. See, Doggett, 505 U.S. at 656 (“Our speedy trial standards recognize that pretrial delay is often ..both inevitable and wholly justifiable.”); Barker, 407 U.S. at 521 (recognizing that delay in bringing an-accused to trial does not always prejudice the accused); Serna-Villarreal, 352 F.3d at 230. (“Obviously, in this balancing [of the Barker factors], the less prejudice [an accused] experiences, the less likely it is that a denial of a speedy trial right will be found.”). In balancing the four Barker factors, we cannot say that the delay in this case experienced by Ramirez prejudiced her to a degree that would warrant the dismissal of her indictment. Accordingly, the circuit court erred in granting *1060 Ramirez’s motion to dismiss her indictment on speedy-trial grounds.
Based on the foregoing, the judgment of the trial court is due to be, and is hereby, reversed, and this case is remanded for the circuit court to set aside its order dismissing the indictment and to restore Ramirez’s case to its active trial docket.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH and BURKE, JJ., concur.
JOINER, J., dissents, with opinion.